The Honorable Marsha J. Pechman

1

2

3

4

5

6          UNITED STATES DISTRICT COURT

7          WESTERN DISTRICT OF WASHINGTON

8                     AT SEATTLE

9

10   IN RE COINSTAR, INC.              )   CASE NO.  C11-133 MJP
     SECURITIES LITIGATION             )
11                                     )   **THE WILLIS GROUP'S MOTION FOR**
                                       )   **APPOINTMENT AS  LEAD PLAINTIFF AND**
12                                     )   **FOR APPROVAL OF ITS CHOICE OF**
                                       )   **COUNSEL; MEMORANDUM OF POINTS AND**
13                                     )   **AUTHORITIES IN SUPPORT THEREOF**
                                       )
14                                     )
                                       )   **NOTE ON MOTION CALENDAR:  April 15, 2011**
15                                     )
                                       )   **ORAL ARGUMENT REQUESTED**
16                                     )
                                       )
17   _____ )

18

19

20

21

22

23

24

25

26

THE WILLIS GROUP'S MOTION FOR                   WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
APPOINTMENT AS  LEAD PLAINTIFF AND FOR          750 B STREET, SUITE 2770
APPROVAL OF ITS CHOICE OF COUNSEL;              SAN DIEGO, CA 92101
MEMORANDUM OF POINTS AND AUTHORITIES            TELEPHONE: 619/239-4599
IN SUPPORT THEREOF                              FACSIMILE: 619/234-4599
CASE NO. C11-133 MJP

1

**TABLE OF CONTENTS**

2
**Page**

3 I.      INTRODUCTION ...................................................................................................2

4 II.     PROCEDURAL HISTORY......................................................................................2

5 III.    STATEMENT OF FACTS ......................................................................................3

6 IV.     LEGAL ARGUMENT .............................................................................................6

7         A.    Movants Should Be Appointed Lead Plaintiff...........................................6

8         B.    The Notice Requirements Under The PSLRA Have Been Satisfied .........7

9         C.    The Willis Group Has The Largest Financial Interest In The Relief
                Sought By The Class....................................................................................8

10        D.    The Willis Group Has Satisfied The Other Requirements Of The
11              PSLRA .........................................................................................................8

12 V.      THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL ...................10

13 VI.     CONCLUSION.......................................................................................................10

14

15

16

17

18

19

20

21

22

23

24

25

26

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- i -

# TABLE OF AUTHORITIES

Page

**Cases**

*Armour v. Network Assocs., Inc.,*
171 F. Supp. 2d 1044 (N.D. Cal. 2001) ...............................................................7, 9

*Greebel v. FTP Software, Inc.,*
939 F. Supp. 57 (D. Mass. 1996) ...........................................................................7

*Hannon v. Dataproducts. Corp.,*
976 F.2d 497 (9th Cir. 1992) ..................................................................................9

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002) ..................................................................................7

*In re Emulex Corp. Sec. Litig.,*
210 F.R.D. 717 (C.D. Cal. 2002) ............................................................................9

*In re Milestone Scientific Sec. Litig.,*
183 F.R.D. 404 (D.N.J. 1998) .................................................................................7

*In re Nice Sys. Sec. Litig.,*
188 F.R.D. 206 (D.N.J. 1999) .................................................................................7

**Statutes**

15 U.S.C. § 78j(b) ....................................................................................................10

15 U.S.C. § 78t(a) ....................................................................................................10

15 U.S.C. § 78u-4(a)(1) ...........................................................................................6

15 U.S.C. § 78u-4(a)(3)(A) ......................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................3, 6

15 U.S.C. § 78u-4(a)(3)(B) ..............................................................................1, 2, 7

15 U.S.C. § 78U-4(a)(3)(B)(i) ..................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................7

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ..................................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................................10

15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi) .....................................................................................9

15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) ...........................................................................7

15 U.S.C. §78u-4(a)(3)(A)(i)(II) ..........................................................................................9

U.S.C. § 78u-4(a)(3)(B) .......................................................................................................6

**Rules**

Fed. R. Civ. P. 23 ..........................................................................................................1, 7, 9

Fed. R. Civ. P. 23(a) .........................................................................................................2, 9

Fed. R. Civ. P. 23(a)(3) ....................................................................................................9, 10

Fed. R. Civ. P. 23(a)(4) ....................................................................................................9, 10

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- iii -

1    Plaintiffs Tom and Amy Willis and Gary Wilkerson (the "Willis Group" or "Movants")

2    hereby move this Court, under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934

3    ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), for an order:  (i) appointing the Willis Group as

4    Lead Plaintiff in this action; and (ii) approving its choice of Wolf Haldenstein Adler Freeman &

5    Herz LLP ("Wolf Haldenstein") as Lead Counsel and Keller Rohrback L.L.P. as Liaison Counsel.

6    This motion is made on the grounds that the Willis Group is the "most adequate plaintiff,"

7    having sustained a collective estimated recoverable loss of approximately $55,647.75 as a result

8    of the Defendants' conduct.[1]   In addition, Movants meet the requirements of Rule 23 of the

9    Federal Rules of Civil Procedure because their claims are typical of class members' claims and

10   they will fairly and adequately represent the Class.  Finally, Movants have selected and retained

11   national laws firm with substantial experience in prosecuting securities fraud class actions to

12   serve as Lead and Liaison Counsel.

13   The motion is based on the memorandum of points and authorities in support thereof, the

14   Declaration of Rachele R. Rickert in support thereof, the pleadings and other files herein, and

15   such other written or oral argument as may be presented to the Court.

16

17

18

19

20

21

22

---

23   [1]   The losses suffered by Movants are not the same as their legally compensable damages,
measurement of which is often a complex legal question which cannot be determined at this stage of the

24   litigation.  The approximate losses can, however, be determined from the certifications required under
Section 21D of the Exchange Act and based on information concerning the current market for the Coinstar

25   Inc.'s ("Coinstar" or the "Company") common stock.  *See* Declaration of Rachele R. Rickert in Support of
the Willis Group's Motion for Appointment as Lead Plaintiff and Approval of Its Choice of Counsel (the

26   "Rickert Decl."), Exs. A and B.

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Tom and Amy Willis and Gary Wilkerson (the "Willis Group" or "Movants") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an Order: (i) appointing Movants as Lead Plaintiff in this action on behalf of investors that purchased shares of Coinstar Inc.  ("Coinstar" or the "Company") between October 28, 2010 and January 13, 2011, inclusive (the "Class Period")[2]; and (ii) approving Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel and Keller Rohrback L.L.P. as Liaison Counsel.

Movants' motion should be granted.  As is shown below, Movants' motion is timely as it is filed within 60 days of the first published notice of this class action litigation against Defendants Coinstar, its Chief Executive Officer, Paul Davis, Coinstar's Chief Operating Officer, Gregg A. Kaplan, and Coinstar's Chief Financial Officer, Scott Di Valerio.  Furthermore, the Willis Group is the "most adequate plaintiff" within the meaning of 15 U.S.C. §78u-4(a)(3)(B) because it has the largest financial interest of any lead plaintiff movant in the relief sought by the proposed Class, and otherwise meet the requirements of Fed. R. Civ. P. 23(a).  Finally, Movants' selection of Wolf Haldenstein as Lead Counsel and Keller Rohrback L.L.P. as Liaison Counsel should be approved, as these firms have substantial experience prosecuting securities class action litigation.

## II.   PROCEDURAL HISTORY

On January 24, 2011, the plaintiff in *Packer v. Coinstar Inc., et al.*, No. 2:11-cv-00133-MJP (the "*Packer* action"), filed the first of these related complaints on behalf of a class consisting

---

[2]    Of the six consolidated actions in this litigation, four allege the Class Period to be October 28, 2010 to January 13, 2011.  Two of the cases allege slightly different class periods: *Weiss v. Coinstar Inc., et al.*, Case No. C11-202 MJP, filed February 4, 2011, alleges a class period of October 29, 2010 to February 3, 2011, and *Wright v. Coinstar Inc., et al.*, Case No. C11-325 MJP, filed February 24, 2011, alleges a class period of October 28, 2010 to February 3, 2011.

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

1  of all persons who purchased or otherwise acquired the common stock of Coinstar during the

2  proposed Class Period.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 24, 2011, plaintiff

3  in the *Packer* action published notice of the pendency of the action over a widely-available,

4  national business-oriented newswire service, *Global NewsWire*, advising members of the proposed

5  class of their right to move the Court to serve as lead plaintiff(s) no later than March 25, 2011, or

6  60 days from the date of publication of the notice (the "Notice").  *See* Rickert Decl., Ex. C.

7  Movants are filing this motion on March 25, 2011, within the 60-day period following publication

8  of the January 24, 2011 notice given by plaintiff Packer.  This Court's Order Granting Plaintiff's

9  Unopposed Motion for Reconsideration of the Court's February 14, 2011 Order (ECF No. 17) also

10 directs the parties "to file motions for appointment of lead plaintiff and lead counsel no later than

11 March 25, 2011."

12      On February 14, 2001, the Court consolidated *Packer v. Coinstar, Inc., et al.*, Case No.

13 C11-133 MJP and *Wilkerson v. Coinstar, Inc., et al.*, Case No. C11-176 MJP, filed February 1,

14 2011 (the "*Wilkerson* action").  ECF No. 13.  Then, on March 15, 2011, the Court further

15 consolidated into the *Packer* and *Wilkerson* actions four additional related actions:  *Nagler v.*

16 *Coinstar, Inc., et al.*, Case No. C11-192 MJP, filed February 3, 2011; *Weiss v. Coinstar, Inc., et*

17 *al.*, Case No. C11-202 MJP, filed February 4, 2011; *Wright v. Coinstar, Inc., et al.*, Case No.

18 C110325 MJP, filed February 24, 2011; and *Dingler v. Coinstar, Inc., et al.*, Case No. C11-353

19 RSL, filed March 1, 2011.  ECF No. 25.

20 **III.    STATEMENT OF FACTS**[3]

21      Coinstar owns and operates: (1) self-service coin-counting machines, which enable

22 customers to convert their coins into dollar bills; and (2) automated kiosks which dispense DVDs.

23 The Company made an initial investment in RedBox Automated Retail LLC ("Redbox"), the

24 DVD automated kiosk company, in 2005.  Coinstar gradually increased its ownership interest and

25

26  _____
   [3]      All facts are taken from the complaint in the *Wilkerson* action.

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

1   on February 26, 2009, the Company bought out all of the minority interest in Redbox, for total

2   consideration of $162.4 million, and now operates it as a wholly-owned subsidiary.  Redbox's

3   DVD sales accounted for approximately 80% of the Company's revenues at the commencement of

4   the Class Period.

5       At all relevant times, Coinstar promoted itself as capable of managing and directing the

6   growth and profitability of Redbox.  At the inception of the Class Period, Coinstar issued very

7   favorable guidance for the 4Q 2010 of between $0.65 and $0.69 per share and for fiscal year 2011

8   of $1.7 billion to $1.85 billion or between $2.60 and $3.10 per share.  The Company issued this

9   optimistic guidance despite the recent changes in the DVD retail industry.  Specifically, movie

10  studios now will not release their titles until 28 days after the studio has begun its own distribution

11  through retail channels.  In this way, the most popular titles are essentially embargoed for nearly

12  one month in order for the studio to get a jump start on distribution.

13      Throughout the Class Period, the Defendants represented to investors and securities

14  industry analysts that the Company was operating as expected and that the Defendants were

15  successfully managing inventory, acting to remove old titles and replacing them with newer titles,

16  which were purportedly in greater demand.  Further, the Defendants represented that the 28-day

17  delay in obtaining new releases from movie studios, which represented a paradigm shift for the

18  whole DVD industry, was not having, and would not have, a material effect on the Company's

19  revenues, earnings or gross margins.

20      The representations made by the Defendants concerning the Company's excellent

21  financials, its forecasted increases in earnings and revenues, and the overall adequacy and

22  effectiveness of Defendants' inventory management systems and internal controls were false and

23  misleading.  Throughout the Class Period and through no fault of their own, investors were

24  unaware the Company was suffering from numerous undisclosed negative factors, which were

25  adversely affecting its businesses and would cause declining financial results, materially less than

26

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

the market expectations cultivated by the Defendants' false and misleading statements.   In particular:

  •  From the start of the Class Period, Coinstar was already experiencing a decline in sales as customers were purchasing fewer DVDs per purchase, and poor inventory management and controls resulted in the early removal of material amounts of old inventory in the 4Q, such that Coinstar and the Defendants were already seeing a material adverse impact on revenues and gross margins.

  •  At all relevant times, Coinstar was failing to perform according to plan, as lower than expected sales of more expensive "Blue-ray" DVDs and poor title selection was resulting in lower sales to customers.

  •  At all relevant times, the Company was experiencing adverse results and failing to meet expectations due to the 28-day delay that the movie studios had imposed on Coinstar.

  •  At all relevant times, Coinstar had inadequate systems of internal, operational and financial controls, which allowed for the release of the Company's public statements and reported guidance, which were materially misleading and false.

  •  At all relevant times, despite statements to the contrary, the Company was afflicted with long-term problems, such as an inability to compete with online-video streaming competitors, such as Netflix.

  The truth was revealed on January 13, 2011, when it was announced that the Company results were well below the guidance provided by the Defendants as result of the removal of old inventory in 4Q 2010, the 28-day delay imposed by the movie studios and the other problems related to poor inventory management and inadequate internal controls.   The Defendants also explained that these factors would continue to have a materially adverse impact on the Company's business, earnings and gross margins throughout the fiscal year 2011.   At this time, investors learned that Coinstar would earn only $0.65 per share for the quarter on revenues of only $391 million, well below the consensus analyst estimate of $0.84 per share on revenues of $427 million.

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- 5 -

On this news, the Company stock price suffered an immediate and adverse impact as it collapsed over 27% in a single trading day or $15.46 per share in a single day to close at $41.50. This drastic fall in the value of the Company caused the Movants and the Class to suffer material loss and harm.  Movants and the other Class members purchased their shares at prices which were artificially inflated by the Defendants' false and misleading statements, and the collapse and resultant loss were tied to the Company's corrective disclosures made on January 13, 2011.

Defendants were concealing the true operational and financial woes of Coinstar, and materially misrepresented and failed to disclose the material adverse factors affecting Coinstar throughout the Class Period.  The Defendants were motivated to do so because: (i) it enabled the Defendants to register with the SEC for the sale of millions of shares of their privately held stock at an artificially inflated price; and (ii) it enabled Company insiders to sell millions of shares of their privately held common stock with knowledge of non-public information, which would have a material adverse impact on the Company.

## IV.   LEGAL ARGUMENT

### A.   Movants Should Be Appointed Lead Plaintiff

#### 1.   The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).  Plaintiff in the *Packer* action caused the Notice to be published via *Global NewsWire* on January 24, 2011.  *See* Rickert Decl., Ex. C.   Within 60 days after publication of the notice, any person *or group of persons* who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- 6 -

Second, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person *or group of persons* that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).  *See Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

**B.    The Notice Requirements Under The PSLRA Have Been Satisfied**

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied.  On January 24, 2011, counsel for plaintiff Packer caused a notice to be published that advised purchasers of Coinstar stock of (i) the pendency of a securities class action against defendants, (ii) the claims asserted, (iii) the purported Class Period in that litigation, and (iv) the right of any member of the purported Class to move the Court to serve as lead plaintiff within the 60-day period (by March 25, 2011).  *See* Rickert Declaration Exhibit C.  *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 215-16 (D.N.J. 1999); *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-63 (D. Mass. 1996).

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on March 25, 2011.  Pursuant to the provisions of the PSLRA and within the requisite sixty (60) days after the date on which the Notice was

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- 7 -

published (*See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II)), the Willis Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

**C.    The Willis Group Has The Largest Financial Interest In The Relief Sought By The Class**

The Willis Group has "the largest financial interest in the relief sought by the class" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), which provides that the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, Movants sustained a collective estimated recoverable loss of approximately $55,647.75 as a result of Defendants' misconduct. *See* Rickert Decl., Exs. A and B. Movants therefore have a significant financial interest in this case.

**D.    The Willis Group Has Satisfied The Other Requirements Of The PSLRA**

The Willis Group has satisfied each of the other requirements of the PSLRA. First, each member has signed Plaintiff Certifications, under oath, which:

1.    states that he or she has reviewed the Complaint;

2.    states that he or she did not purchase his or her Coinstar securities at the direction of plaintiff's counsel or in order to participate in this private action;

3.    states that he or she is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary;

4.    sets forth all of his or her transactions in the shares of Coinstar during the Class Period;

5.    states that he or she has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws during the three years prior to the date of the Certification; and

6.    states that he or she will not accept any payment for serving as a representative party on behalf of a class beyond his or her pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE: 619/239-4599; FACSIMILE: 619/234-4599

- 8 -

1   *See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi).

2   Second, the Willis Group satisfies the requirements of Rule 23 of the Federal Rules of

3   Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) (in addition to possessing the largest

4   financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y]

5   the requirements of Rule 23 of the Federal Rules of Civil Procedure."). Rule 23(a) is satisfied for

6   the purposes of this motion where (i) the claims of the proposed lead plaintiff are typical of the

7   claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the

8   interests of the class. *Armour*, 171 F. Supp. 2d at 1051.

9   The Willis Group satisfies the "typicality" and "adequacy" requirements under Rule 23(a).

10  Under Rule 23(a)(3), the "typicality" requirement is satisfied where the claims of the proposed

11  class representative arise from the same course of conduct that gives rise to the other class

12  members' claims, where these claims are based on the same legal theory, and where the class

13  members and proposed class representatives were injured by the same conduct. *See Armour*, 171

14  F. Supp. 2d at 1052 (citing *Hannon v. Dataproducts. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

15  The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representatives

16  do not have interests antagonistic to the proposed class, and where the proposed class

17  representatives have retained experienced and capable counsel. *In re Emulex Corp. Sec. Litig.*,

18  210 F.R.D. 717, 720 (C.D. Cal. 2002).

19  In this action, the Willis Group's claims are typical of those claims belonging to all Class

20  members. Like all Class members, its members suffered damages from purchases of Coinstar

21  stock that took place while Defendants made false and misleading representations concerning the

22  Company in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and

23  78t(a). Furthermore, The Willis Group's interests are clearly aligned with those of the members of

24  the Class, and there is no evidence of any antagonism between its interests and those of the Class.

25  In addition, the Willis Group has already demonstrated that it will adequately represent the

26  interests of the Class by having obtained qualified and experienced counsel, and by submitting

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- 9 -

1 | Plaintiff Certifications to the Court indicating that its members are willing to assume the
2 | responsibilities of a class representative.  All these factors demonstrate that the Willis Group's
3 | claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and it will fairly
4 | and adequately represent the interests of the Class under Rule 23(a)(4).

5 | **V.     THE COURT SHOULD APPROVE MOVANTS' CHOICE OF COUNSEL**

6 | Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), proposed lead plaintiff shall, subject to Court
7 | approval, select and retain counsel to represent the class they seek to represent.  In that regard,
8 | Movants have selected and retained Wolf Haldenstein to serve as Lead Counsel and Keller
9 | Rohrback L.L.P. as Liaison Counsel for the Class.  These firms have extensive experience in
10 | successfully prosecuting complex securities actions and has frequently appeared in major actions
11 | in this and other courts.  *See* Rickert Decl., Exhibits D and E.

12 | Because there is nothing to suggest that Movants or their counsel will not fairly and
13 | adequately represent the Class, or that Movants are subject to unique defenses – which is the only
14 | evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should
15 | appoint Movants as Lead Plaintiff and approve their selection of Wolf Haldenstein as Lead
16 | Counsel and Keller Rohrback L.L.P. as Liaison Counsel for the Class.

17 | **VI.    CONCLUSION**

18 | For the foregoing reasons, Movants Tom and Amy Willis and Gary Wilkerson request that

THE WILLIS GROUP'S MOTION FOR
APPOINTMENT AS  LEAD PLAINTIFF AND FOR
APPROVAL OF ITS CHOICE OF COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF
CASE NO. C11-133 MJP

WOLF HALDENSTEIN ADLER FREEMAN
 & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599

- 10 -

1  the Court:  (i) appoint them as Lead Plaintiff in this consolidated action; and (ii) approve Wolf

2  Haldenstein Adler Freeman & Herz LLP as Lead Counsel and Keller Rohrback L.L.P. as Liaison

3  Counsel for the Class.

4  DATED:  March 25, 2011                    Respectfully submitted

5                                            WOLF HALDENSTEIN ADLER
6                                             FREEMAN & HERZ LLP

7

8                                            _____/s/ Rachele R. Rickert_____

9                                            Francis M. Gregorek (admitted *pro hac vice*)
                                             gregorek@whafh.com
10                                           Rachele R. Rickert (admitted *pro hac vice*)
                                             rickert@whafh.com
11                                           750 B Street, Suite 2770
                                             San Diego, CA 92101
12                                           Telephone:  (619) 239-4599
                                             Facsimile:  (619) 234-4599
13

14                                           ***Attorneys for the Willis Group and Proposed Lead
                                             Counsel***
15
                                             KELLER ROHRBACK L.L.P.
16                                           Lynn Lincoln Sarko
                                             lsarko@kellerrohrback.com
17                                           Juli E. Farris
                                             jfarris@kellerrohrback.com
18                                           Elizabeth A. Leland
                                             bleland@kellerrohrback.com
19                                           1201 Third Avenue, Suite 3200
                                             Seattle, WA 98101
20                                           Telephone:  (206) 224-7496
                                             Facsimile:  (206) 623-3384
21

22

23                                           ***Attorneys for the Willis Group and Proposed
                                             Liaison Counsel***
24

25

26  COINSTAR:18033.MTN

THE WILLIS GROUP'S MOTION FOR                    WOLF HALDENSTEIN ADLER FREEMAN
APPOINTMENT AS  LEAD PLAINTIFF AND FOR             & HERZ LLP
APPROVAL OF ITS CHOICE OF COUNSEL;               750 B STREET, SUITE 2770
MEMORANDUM OF POINTS AND AUTHORITIES             SAN DIEGO, CA 92101
IN SUPPORT THEREOF                               TELEPHONE:  619/239-4599; FACSIMILE: 619/234-4599
CASE NO. C11-133 MJP
                                    - 11 -