HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA PACKER, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br> v.<br><br>COINSTAR INC., PAUL DAVIS, GREGG A. KAPLA, and J. SCOTT DI VALERIO,<br><br>         Defendants. | No. C11-133 (MJP)<br><br>MOTION OF PETER DENNIGAN FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL<br><br>NOTED FOR:  Friday, April 15, 2011 |

  Presently pending before this Court is the consolidated securities class action lawsuit (the "Action") brought on behalf of all purchasers of the securities of Coinstar, Inc. ("Coinstar" or the "Company") between October 28, 2010, and February 3, 2011[1], inclusive (the "Class Period") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

---

[1] The class period alleged in the complaints varies. For purposes of this motion, the longest of the class periods alleged is used. That class period is contained in the *Wright* Complaint.

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 1
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

Peter Dennigan ("Movant" or "Dennigan") hereby moves this Court for orders (i) appointing Movant as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act and (ii) approving Movant's selection of Kahn Swick & Foti, LLC ("KSF") to serve as Lead Counsel and Hagens Berman Sobol Shapiro LLP to serve as Liaison Counsel.

Movant suffered losses of approximately $116,680.50 in connection with his purchases of Coinstar securities during the Class Period.  Under the PSLRA, Dennigan is, to the best of his knowledge, the movant with the greatest financial interest in the relief sought. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Dennigan also otherwise satisfies the requirements of Rule 23 in that his claims are typical of the claims of the putative class, and that he will fairly and adequately represent the interests of the class.  Therefore, Dennigan is the presumptive lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ("[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure").

This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Steve Berman in Support of Motion of Peter Dennigan for Appointment of Lead Plaintiff, and Approval of Selection of Lead Plaintiff's Choice of Lead Counsel and Liaison Counsel filed herewith (the "Berman Decl."), the complete files and records in the Action, and such other written or oral argument as the Court may consider in deciding this motion.  A proposed order regarding the Lead Plaintiff and Lead Counsel appointment accompanies this motion.

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 2
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

## I. FACTUAL BACKGROUND[2]

Coinstar owns and operates self-service coin-counting machines and DVD kiosks, offering its services at approximately 95,000 points of presence, including supermarkets, drug stores, mass merchants, financial institutions, convenience stores, restaurants, and money transfer agent locations. As of December 31, 2009, it owned and operated approximately 19,200 coin-counting machines and 22,400 DVD kiosks. At the time the Class Period commenced, approximately 80% of the Company's revenues were generated through the sale of DVDs through the company's kiosks.

Predicated upon the Company's ability to effectively manage and control its inventory, its ability to effectively select titles and the proper formats of the DVDs, and its ability to track consumer sales, Coinstar presented itself to investors as a company that was well adapted for growth and profitability. At the inception of the class period, defendants issued revenue and earning guidance of between $415 and $440 million ($0.79 and $0.85 per share) for the fourth quarter of 2010 and between $1.8 and $1.95 billion ($3.00 and $3.50 per share) for 2011. Throughout the Class Period, the Company continued to represent to analysts and investors that the Company was operating according to plan.

Throughout the Class Period, it was not true that Coinstar was operating according to plan. In fact, the Company was suffering from a host of undisclosed adverse factors which were negatively impacting its business and which would cause it to report declining financial results. These adverse factors included:

- A decline in sales as customers purchased fewer DVDs per purchase;

---

[2] The factual background is derived from the complaint in the action captioned *Packer v. Coinstar, Inc.*, No. C11-133 (MJP). This complaint was filed on behalf of Linda Packer by Kahn Swick & Foti, LLC and Hagens Berman Sobol Shapiro LLP. This was the first-filed case against Coinstar, Inc. alleging violation of the federal securities laws. On March 15, 2011, the Court Ordered the consolidation of cases C11-176 MJP, C11-192 MJP, C11-202 MJP, C11-325 MJP and C11-353 into this case.

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 3
Case No. C11-133 (MJP)

HB HAGENS BERMAN

1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

- Poor inventory management and controls which resulted in the Company removing material amounts of old inventory early in 4Q:2010;
- Lower sales of more expensive "Blue-ray" DVDs and poor title selection, which immediately resulted in lower sales to customers;
- The negative effect of a 28-day delay that the movie studios had imposed on Coinstar;
- An inability to compete with on-line video streaming providers.

As a result of the aforementioned adverse conditions which defendants failed to disclose, throughout the Class Period, defendants lacked any reasonable basis to claim that Coinstar was operating according to plan, or that Coinstar could achieve the guidance sponsored and/or endorsed by defendants

It was only on January 13, 2011, when defendants reported results for the fourth quarter and full year 2010, that investors first learned that the Company would earn as little as $0.65 per share for the quarter on revenues of only $391 million, and not the analysts' consensus estimate of $0.84 per share, on revenues of $427 million. These disclosures had an immediate impact on the price of Coinstar stock, which declined almost 30% in the single trading day, or almost $15.50 per share, down to $41.50 from the prior day's close of almost $57.00 per share. This decline caused investors who purchased their shares during the Class Period material losses and substantial damages.

## II.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of Lead Plaintiffs in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 4
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff caused notice to be timely published on January 24, 2011, by her counsel, Kahn Swick & Foti, LLC. *See* Berman Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See Sabbagh v. Cell Therapeutics, Inc.*, 2010 WL 3064427, at *3-4 (W.D. Wash. 2010).

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 5
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

2. **Movant Satisfies the "Lead Plaintiff" Requirements of the Exchange Act**

    a. **Movant Has Complied With The Exchange Act and Should Be Appointed As Lead Plaintiffs**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B) expires on March 25, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on October 5, 2006), Movant timely moves this Court for appointment as Lead Plaintiff on behalf of all members of the class.

Movant has duly signed and filed certifications stating that he is willing to serve as a representative party on behalf of the class. *See* Berman Decl., Ex. B. In addition, Movant has selected and retained experienced, competent counsel to represent him and the class. *See* Berman Decl. Exs. D-E. Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment of Lead Plaintiff granted and his selection of Lead Counsel, as set forth herein, approved.

    b. **Movant Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certifications (Berman Decl., Ex. B), Movant purchased his Coinstar shares in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. In addition, Movant incurred a substantial loss of $116,680.50 on his transactions in Coinstar securities (Berman Decl. Ex. C). Movant thus has the largest financial interest in the relief sought. Therefore, Mr. Dennigan satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 6
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

### c. Mr. Dennigan Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Doral Bank Puerto Rico v. WAMU Asset Acceptance Corp.*, 2010 WL 1180359, at *2 (W.D. Wash. 2010); *see also In re: Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Dennigan satisfies both the typicality and adequacy requirements of Rule 23.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement of Rule 23(a)(3) is satisfied when the "'injury allegedly suffered by the named plaintiffs and the rest of the class resulted from the same allegedly' illegal practice." *See Doral,* 2010 WL 1180359, at *2 (quoting *Dukes v. WalMart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007)). Typicality requires that the representative claims are reasonably coextensive with those of absent class members, but they need not be substantially identical. *See Dukes*, 509 F.3d at 1184.

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF  - 7
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

1    Movant satisfies this requirement because, just like all other class members, he (1) purchased Coinstar shares during the Class Period, (2) he purchased Coinstar shares in reliance upon the allegedly materially false and misleading statements issued by Defendants, and (3) he suffered damages by purchasing artificially inflated stocks and then suffered harm when the truth was revealed and the inflation was removed from the stock price.  Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members resulted from the same alleged wrongdoing on the part of Defendants.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Dennigan to the existence of any conflicts between the interests of Dennigan, on the one hand, and the members of the class, on the other hand.  The standard for adequacy of representation under Rule 23(a)(4) is met by (1) the absence of potential conflicts between the named plaintiff and the other class members, and (2) the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class.  *See Doral*, 2010 WL 1180359 at *2, *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Here, Movant is an adequate representative of the class.  As evidenced by the injuries suffered by Movant, who purchased Coinstar stock at prices that were artificially inflated by Defendants' materially false and misleading statements, the interests of the Movant are clearly aligned with the members of the class, and there is no evidence of any antagonism between Dennigan's interests and those of the other members of the class.  Further, Dennigan has taken significant steps that demonstrate he will protect the interests of the class – he has retained competent and experienced counsel to prosecute these claims.  In addition, Movant's proposed Lead Counsel is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Thus, Dennigan *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 8
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA  98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

**B.     The Court Should Approve Movant's Choice Of Counsel**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.  Movant has selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state courts across the country, and Hagens Berman Sobol Shapiro LLP as Liaison Counsel, an equally experienced firm that is well known to this Court (Berman Decl., Ex. E).  Thus, the Court may be assured that in granting this motion, the Class will continue to receive legal representation of the highest caliber.

### III.     CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that the Court (i) appoint Peter Dennigan as Lead Plaintiff in the Action, (ii) approve Movant's selection of Lead Counsel and Liaison Counsel as set forth herein, and (iii) grant such other and further relief as the Court may deem just and proper.

Dated:  March 25, 2011.

        Respectfully submitted,

        **HAGENS BERMAN SOBOL SHAPIRO LLP**

          /s/ Steve W. Berman
        Steve W. Berman, WSBA No. 12536
        Karl P. Barth, WSBA No. 22780
        1918 Eighth Avenue, Suite 3300
        Seattle, WA 98101
        Telephone: (206) 623-7292
        Facsimile: (206) 623-0594

        *Proposed Liaison Counsel*

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 9
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1

1
2
3
4

Kim Miller (admitted *pro hac vice*)
**KAHN SWICK & FOTI, LLC**
500 Fifth Ave., Ste. 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: <u>kim.miller@ksfcounsel.com</u>

5
6
7
8

Lewis Kahn (admitted *pro hac vice*)
**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: <u>lewis.kahn@ksfcounsel.com</u>

9
10

***Counsel for Mr. Dennigan and Proposed Lead Counsel for the Class***

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 10
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010227-11 434156 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Steve W. Berman, steve@hbsslaw.com
- Jerome F. Birn, Jr, jbirn@wsgr.com
- Juli E. Farris, jfarris@KellerRohrback.com
- Francis M. Gregorek, gregorek@whafh.com
- Barry M Kaplan, bkaplan@wsgr.com
- Elizabeth Ann Leland, bleland@kellerrohrback.com
- Rachele R Rickert, rickert@whafh.com
- Lynn Lincoln Sarko, lsarko@kellerrohrback.com
- Gregory L Watts, gwatts@wsgr.com

DATED: March 25, 2011

/s/ Steve W. Berman
Steve W. Berman
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

MOTION FOR APPOINTMENT OF LEAD PLAINTIFF - 11
Case No. C11-133 (MJP)



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

010227-11  434156 V1