THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| IN RE COINSTAR INC. SECURITIES LITIGATION | Case No. C11-133 MJP<br><br>NOTE ON MOTION CALENDAR: APRIL 15, 2011<br><br>**EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD AND LIAISON COUNSEL**<br><br>**ORAL ARGUMENT REQUESTED** |

Christopher J. Keller
Michael W. Stocker
Rachel A. Avan
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Tel: 212.907.0700
Fax: 212.818.0477
Email: ckeller@labaton.com
         mstocker@labaton.com
         ravan@labaton.com

*Counsel for Employees' Retirement System of the State of Rhode Island and Proposed Lead Counsel for the Class*

Dan Drachler (WSBA #27728)
**ZWERLING, SCHACHTER & ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, Washington  98101
Tel: 206.223.2053
Fax: 206.343.9636
Email: ddrachler@zsz.com

*Proposed Liaison Counsel for the Class*

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

Employees' Retirement System of the State of Rhode Island ("Rhode Island") submits this Motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Rhode Island as Lead Plaintiff in the above-captioned, consolidated action (the "Action") for a Class of purchasers and acquirers of Coinstar Inc. ("Coinstar" or the "Company") securities from October 28, 2010 through February 3, 2011, inclusive (the "Class Period");[1] and (2) approving Rhode Island's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class and Zwerling, Schachter & Zwerling, LLP ("Zwerling Schachter") as Liaison Counsel for the Class. This Motion is also based upon the accompanying Declaration of Michael W. Stocker ("Stocker Decl.") and the exhibits attached thereto.

## PRELIMINARY STATEMENT

Pending before the Court is a consolidated class action that alleges violations of Sections 10(b) and 20(a) of the Exchange Act[2] and U.S. Securities and Exchange Commission Rule 10b-5 ("Rule 10b-5") promulgated thereunder,[3] and has been brought against: (1) Coinstar, a leader in self-service retail products and services, including its eponymous automated coin-counting kiosks and its RedBox Automated Retail, LLC-brand ("RedBox") automated DVD-rental kiosks; (2) Paul Davis, the Company's Chief Executive Officer ("CEO") and a Company director since April 2009; (3) Gregg A. Kaplan, the Company's President and Chief Operating Officer since April 2009; (4) J. Scott Di Valerio, the Company's Chief Financial Officer since March 2010; and (5) Galen Smith, the Company's Corporate Vice President, Finance and Treasurer since January 2010 (collectively, "Defendants").

---

[1]  The complaints filed against Coinstar assert different class periods.  After it is appointed, the Lead Plaintiff will reconcile the different class periods upon filing a consolidated complaint.
[2]  *See* 15 U.S.C. §§ 78j(b) and 78t(a).
[3]  *See* 17 C.F.R. § 240.10b-5.

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

- 1 -

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

CASE NO. C11-133 MJP

During the Class Period, Coinstar is alleged to have issued a series of materially false and misleading statements regarding RedBox's business, financial condition, operations, internal controls, and prospects. Throughout the Class Period, Coinstar maintained fourth-quarter and full-year 2010 guidance and full-year 2011 guidance that was above consensus estimates; Defendants asserted that this guidance was based on such factors as RedBox's ability to maintain optimal inventory levels at its kiosks, the predicted strength of the new releases that would be available during the 2010 holiday season, and RedBox's recent roll-out of Blu-ray disc rentals at its kiosks. Coinstar is alleged to have provided these rosy forecasts even though the Company was suffering as a result of the impact of a 28-day delay on the availability of new releases that the Company had negotiated with certain prominent movie studios, and because of systemic inventory mismanagement. When Coinstar belatedly revealed RedBox's precarious outlook, the price of Coinstar common stock dropped in response, causing the Class to incur millions of dollars in damages.

Pursuant to the Exchange Act, as amended by the PSLRA, and for the reasons set forth below, Rhode Island respectfully submits that it should be appointed Lead Plaintiff on behalf of purchasers of Coinstar securities during the Class Period who incurred damages as a result of the Defendants' alleged violations of the Exchange Act. As set forth in detail below, Rhode Island lost $575,990, as calculated under the last-in-first-out ("LIFO") loss methodology, on its investments in Coinstar common stock during the Class Period. A copy of the PSLRA-required certification submitted by Rhode Island is attached as Exhibit A to the accompanying Stocker Declaration. The certification sets forth all of Rhode Island's transactions in Coinstar common stock during the Class Period. In addition, a chart reflecting the calculation of Rhode Island's financial losses on Coinstar common stock purchased during the Class Period is attached as Exhibit B to the Stocker Declaration. In light of the significant transactions and losses reflected in these exhibits, Rhode Island has a substantial financial interest in the relief sought by this litigation—an interest believed to be greater than that of any competing movant. Rhode Island

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

- 2 -

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

also meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of those of absent Class members and it will fairly and adequately represent the interests of the Class.

Furthermore, due to its experience as a sophisticated institutional investor that suffered losses on the same securities as the other Class members, Rhode Island stands ready and able to spearhead this litigation in the best interests of the Class. Indeed, the PSLRA's legislative history shows that large, sophisticated institutional investors like Rhode Island are precisely the type of investors whose participation in securities class actions the PSLRA was meant to foster. *See* H.R. Conf. Rep. No. 104-369 at 34 (1995), *reprinted in* 1995 U.S.C.A.A.N. 730, 733; S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.A.A.N. 679, 685. In short, Rhode Island is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Finally, pursuant to the PSLRA, the lead plaintiff selects lead counsel, subject to the Court's approval. Rhode Island requests the Court appoint its choice of Labaton Sucharow as Lead Counsel for the Class, and Zwerling Schachter as Liaison Counsel for the Class. These firms are eminently qualified to prosecute the Action and have extensive experience in the litigation of securities fraud claims such as the ones asserted in the Action.

## FACTUAL BACKGROUND

Six complaints were filed against Coinstar in this Court[4] asserting claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. Specifically, the complaints allege that during the Class Period, Coinstar failed to disclose that: (1) the Company's revenues were significantly and adversely impacted by the agreements it had reached with certain movie studios resulting in a 28-day delay in new release availability at its kiosks; (2) the Company was not able to properly and effectively manage its inventory; (3) the Company lacked adequate internal controls; (4) as a result of the foregoing, the Company's filings with the

---

[4]  The Court consolidated the various actions, Case Nos. C11-133, C11-176, C11-192, C11-202, C11-325, and C11-353, in its Order entered on March 15, 2011. *See* Dkt No. 25.

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

- 3 -

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

U.S. Securities and Exchange Commission contained materially false and misleading statements; and (5) Defendants lacked any reasonable basis for their positive statements about Coinstar and its prospects.

Coinstar is a leader in automated retail products and services.[5]  The Company has two operating segments: (1) DVD Services, which consists of RedBox's movie rental and sale services; and (2) Coin Services, which consists of the Company's coin-counting services. Although Coinstar may be best known for its coin-counting services, in the third quarter of 2010, more than 80 percent of Coinstar's revenue was generated through DVD rentals and sales at the Company's RedBox kiosks.  Today, there are more than 30,000 Redbox DVD kiosks located in retail, grocery, drug, and convenience stores throughout the United States.

The Company underwent several changes prior to the Class Period.  In February and April 2010, RedBox entered into rental revenue-sharing agreements with three movie studios, pursuant to which Redbox agreed not to offer their respective new releases at RedBox kiosks until 28-days after the DVDs went on sale to the public.  In addition, on July 29, 2010, the Company announced that its RedBox kiosks would begin offering Blu-ray discs for rent for $1.50 per night—50 percent more than the Company's standard $1.00-per-day DVD rentals.

The Class Period began with the Company's announcement of positive financial results and favorable guidance.  After the markets closed on October 28, 2010, Coinstar announced its third-quarter 2010 financial results and released fourth-quarter and full-year 2011 guidance, all of which were substantially above consensus estimates.  CEO Davis stated: "Coinstar's exceptional third quarter performance demonstrates the strength of our leading Coin and DVD businesses, and our ability to execute, drive operational efficiencies and deliver what our consumers want."

---

[5]  Coinstar is a Delaware corporation with its headquarters in this District, in Bellevue, Washington.  The Company's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "CSTR."

RHODE ISLAND'S MOT. FOR APP'T AS LEAD PL. & APPROVAL OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

- 4 -

ZWERLING, SCHACHTER & ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

Notwithstanding these assertions, on January 13, 2010, following the close of trading, the Company announced that its estimated fourth-quarter 2010 financial results would miss analysts' expectations and its previous guidance. In addition, the Company reduced full-year 2011 revenue guidance by $100 million. Coinstar faulted the following factors for its poor results: (1) lower-than-expected performance of 2010 holiday season releases subject to the new 28-day delay; (2) lower-than-expected demand for Blu-ray disc rentals; (3) the removal of older inventory in anticipation of demand for new releases that did not materialize; (4) fewer-than-expected DVD rentals per customer visit; and (5) inventory imbalances as a result of unexpected popularity of its rent-and-return anywhere policy.

As a result of this news, Coinstar stock fell $15.45 per share, or 27.1 percent, on extraordinary trading volume, to close at $41.50 per share on January 14, 2011. Indeed, Coinstar's stock suffered so much volatility that after-hours trading was suspended immediately following the filing of the fourth-quarter results. On February 3, 2011, as previously scheduled, the Company issued its actual fourth-quarter and full-year 2010 results, confirming that Coinstar had missed analyst estimates.

The Company's misconduct and the revelations thereof have caused Coinstar's stockholders to incur millions of dollars in losses.

## ARGUMENT

### I.    RHODE ISLAND SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward procedure for selecting a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(l) and (3)(B). Specifically, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

- 5 -

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

1

> (I)      of the pendency of the action, the claims asserted therein,
> and the purported class period; and

2

3

> (II)     that, not later than 60 days after the date on which the
> notice is published, any member of the purported class may move
> the court to serve as lead plaintiff of the purported class.

4

5    15 U.S.C. § 78u-4(a)(3)(A)(i); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

6        Under the PSLRA, a court is to consider any motion made by class members and appoint

7    the movant that the court determines to be most capable of adequately representing the interests

8    of the class as lead plaintiff.  Specifically, the PSLRA provides that a court:

9

> shall appoint as lead plaintiff the member or members of the
> purported plaintiff class that the court determines to be most
> capable of adequately representing the interests of class members
> (hereafter . . . referred to as the "most adequate plaintiff") . . . .

10

11

12    15 U.S.C. § 78u-4(a)(3)(B)(i).

13        In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most

14    adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion

15    to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and

16    (3) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

17    *see also Cavanaugh*, 306 F.3d at 729-30.

18        Under the sequential procedure set forth by the Ninth Circuit in *Cavanaugh*, this

19    presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not

20    fairly and adequately protect the interests of the class" or "is subject to unique defenses that

21    render such plaintiff incapable of adequately representing the class."  *Id.* at 741; *see also* 15

22    U.S.C. § 78u-4(a)(3)(B)(iii)(II).

23    **B.    Rhode Island Is the "Most Adequate Plaintiff"**

24        Rhode Island respectfully submits that it is the presumptively "most adequate plaintiff"

25    because it has complied with PSLRA procedural requirements, holds the largest financial interest

26    of any movant, and satisfies Rule 23's typicality and adequacy requirements.

27

28

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

- 6 -

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

1

### 1.    Rhode Island Has Satisfied the PSLRA's Procedural Requirements

Rhode Island has filed this Motion to serve as lead plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Action caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely-circulated, national, business-oriented news wire service, on January 24, 2011.  *See* Stocker Decl. Ex. C.  Thus, as permitted by the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty (60) days after publication of the notice, *i.e.*, on or before March 25, 2011.[6]  Rhode Island has filed its motion within the required period.

### 2.    Rhode Island Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 602 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d at 729-30).

During the Class Period, Rhode Island suffered substantial losses of approximately $575,990 calculated under the LIFO method of accounting for purchases and sales.[7]  *See* Loss Analysis, Stocker Decl. Ex. B.  Importantly, Rhode Island did not sell any of its shares before the first partial corrective disclosure.  As such, Rhode Island's losses are not affected by the removal of "in-and-out" losses associated with pre-disclosure stock sales.  Rhode Island is presently unaware of any other movant with a larger financial interest in the outcome of the Action.

---

[6] The Court endorsed this deadline in its February 24, 2011 Order.  *See* Dkt. No. 17.
[7] Rhode Island's losses are the same under the first-in-first-out ("FIFO") loss methodology.  However, FIFO is not preferred by the courts in the Ninth Circuit.  *See Pappas v. Countrywide Fin. Corp.*, No. 07-cv-5295, slip op. at 14 (C.D. Cal. Nov. 28, 2007) (Pfaelzer, J.), Stocker Decl. Ex D ("[C]ourts have generally *rejected* FIFO as an appropriate means of calculating losses in securities fraud cases.") (internal quotation marks and citation omitted).

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

- 7 -

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

1   Consequently, and because it also satisfies Rule 23's typicality and adequacy requirements,

2   Rhode Island is entitled to the legal presumption that it is the most adequate plaintiff.

3               **3.      Rhode Island Satisfies Rule 23's**
                          **Typicality and Adequacy Requirements**
4

5           In addition to the largest financial interest requirement, the PSLRA also directs that the

6   lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ."  15 U.S.C. § 78u-

7   (4)(a)(3)(B)(iii)(I)(cc).  With respect to class certification, Rule 23(a) requires that: (1) the class

8   is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

9   common to the class; (3) such claims are typical of those of the class; and (4) the representative

10  will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  However, "[a]t

11  the lead plaintiff selection stage, all that is required is a 'preliminary showing' that the lead

12  plaintiff's claims are typical and adequate."  *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d

13  1146, 1158 (N.D. Cal. 1999) (quoting *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D.

14  Cal. 1999)); *see also Schonfield v. Dendreon Corp.* ("*Dendreon*"), No. C07-800 MJP, 2007 WL

15  2916533, at *4 (W.D. Wash. Oct. 4, 2007) (inquiry at lead plaintiff stage should focus solely on

16  typicality and adequacy).

17              **(a)      Rhode Island's Claims Are Typical of Those of the Class**

18          The typicality requirement of Rule 23(a)(3) is satisfied when representative plaintiffs'

19  claims arise out of the same event or course of conduct as do the other class members' claims,

20  and are based on the same legal theories.  *Dendreon*, 2007 WL 2916533, at *4; *see also Crossen*

21  *v. CV Therapeutics, Inc.*, No. C 03-03709, 2005 U.S. Dist. LEXIS 41396, at *13-14 (N.D. Cal.

22  Aug. 9, 2005) (typicality requirement met if "the representative's claims arise from the same

23  event or course of conduct that gives rise to the claims of other class members").  Rule 23(a)

24  requires only that resolution of the common questions affect all, or a substantial number of, class

25  members.  *See Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 655 (C.D. Cal. 2000).  As the Ninth

26  Circuit Court of Appeals has noted, typicality is not an exacting test, because "[u]nder [Rule

27

28

1    23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive

2    with those of absent class members; they need not be substantially identical." *Hanlon v.*

3    *Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

4        The typicality requirement is satisfied here because Rhode Island, which is not subject to

5    any unique or special defenses, seeks the same relief and advances the same legal theories as

6    other Class members.  Like all members of the Class, Rhode Island: (1) acquired Coinstar

7    securities during the Class Period, (2) at prices that are alleged to have been artificially inflated

8    by Defendants' misrepresentations and omissions, and (3) suffered damages as a result.

9    *Dendreon*, 2007 WL 2916533, at *4; *Ferrari*, 225 F.R.D. at 606.  These shared claims, which are

10   based on the same legal theory and arise from the same events and course of conduct as the

11   Class' claims, satisfy Rule 23(a)(3)'s typicality requirement.  *See In re Surebeam Corp. Sec.*

12   *Litig.*, 03-cv-1721, 2004 WL 5159061, at *6 (S.D. Cal. Jan. 5, 2004).

13                      **(b)    Rhode Island Will Fairly and**
                              **<u>Adequately Protect the Interests of the Class</u>**
14

15       The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a

16   representative party establishes that it "will fairly and adequately protect the interests of the

17   class."  Fed. R. Civ. P. 23(a)(4).  Representation is adequate when "(1) the proposed lead

18   plaintiff's interests are in common with, and not antagonistic to, those of the class; and

19   (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the

20   litigation."  *Dendreon*, 2007 WL 2916533, at *4.

21       Rhode Island will fairly and adequately represent the interests of the proposed Class.  No

22   antagonism exists between Rhode Island's interests and those of the absent Class members;

23   rather, the interests of Rhode Island and the Class members are squarely aligned—"namely,

24   recovering for Defendants' allegedly fraudulent and misleading statements and omissions."  *Id.*

25   In addition, Rhode Island has retained counsel highly experienced in prosecuting securities class

26   actions vigorously and efficiently, and has timely submitted its choice to the Court for approval,

27

28

in accordance with the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Rhode Island suffered substantial losses due to Defendants' alleged fraud and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of the Action.  Accordingly, Rhode Island satisfies the adequacy requirement.

## II.    RHODE ISLAND IS PRECISELY THE TYPE OF LEAD PLAINTIFF ENVISIONED BY THE PSLRA

In addition to satisfying the requirements of Rule 23, Rhode Island, as a large, sophisticated institutional investor, is the type of investor Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions.  Congress noted in its PSLRA Statement of Managers Report that the PSLRA was formulated "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-369, at 34, *reprinted in* 1995 U.S.C.C.A.N. at 733).

Rhode Island, which has approximately $6.5 billion in assets, provides retirement, disability, and survivor benefits to approximately 28,000 state employees, public school teachers, and municipal employees who are employed by participating municipalities.  Rhode Island is a sophisticated institutional investor with sufficient resources to adequately litigate the Action and supervise Class counsel.  Rhode Island understands the fiduciary duties of a lead plaintiff, is willing to oversee the vigorous prosecution of the Action, and has pledged to "provid[e] testimony at deposition and trial, if necessary."  *See* Certification, Stocker Decl. Ex. A.  Thus, as demonstrated herein, Rhode Island is the very personification of the lead plaintiff contemplated by the PSLRA.

## III.   THE COURT SHOULD APPROVE
## RHODE ISLAND'S SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices," *Cendant*, 264 F.3d at 274, and "that approval should not be withh[e]ld unless necessary 'to protect the interests of the class.'"  *Dendreon*, 2007 WL 2916533, at *5 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)). Rhode Island has selected Labaton Sucharow, highly-qualified counsel, to serve as Lead Counsel for the Class and Zwerling Schachter to serve as Liaison Counsel for the Class.

Labaton Sucharow has excelled as lead counsel in numerous important actions on behalf of defrauded investors.  In November 2010, Labaton Sucharow, as class counsel for a certified class of investors, secured a favorable jury verdict in a securities fraud suit brought against BankAtlantic and several of its officers.  *See In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-cv-61542, Trial Tr. at 4350:8-4364:10 (S.D. Fla. Nov. 18, 2010).  Labaton Sucharow is also lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it recently achieved settlements in principle totaling approximately $1 billion.  In addition, Labaton Sucharow is lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which resulted in a settlement of $624 million. The Countrywide settlement is the largest securities fraud settlement arising from the financial crisis of 2007 to 2008.  Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at the time.  *See In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"); *see also* Labaton Sucharow Firm Resume, Stocker Decl. Ex. E.  Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against The

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

- 11 -

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA 98101
TEL.: 206.223.2053

1  Bear Stearns Cos., Inc., Federal National Mortgage Association (Fannie Mae), Satyam Computer

2  Services Ltd., and others.  In *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-

3  2237, Hr'g Tr. at 24:25-25:1 (S.D.N.Y. June 14, 2007), Judge Jed S. Rakoff appointed Labaton

4  Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the

5  excellence of its representation."

6       Zwerling Schachter has substantial experience in the prosecution of shareholder and

7  securities class actions.  *See* Zwerling Schachter Firm Resume, Stocker Decl. Ex. F.  This

8  experience includes the appointment by this Court of Zwerling Schachter as lead counsel in *In re*

9  *BP Prudhoe Bay Royalty Trust Securities Litigation*, No. C06-1505 MJP (W.D. Wash.), and as

10  liaison counsel in *In re Cell Therapeutics, Inc. Class Action Litigation*, No. C10-414 MJP (W.D.

11  Wash.).  Thus, the Court may be assured that by granting this Motion, the Class will receive the

12  highest caliber of legal representation.

## CONCLUSION

13

14       For the foregoing reasons, Rhode Island respectfully requests that the Court: (1) appoint

15  Employees' Retirement System of the State of Rhode Island as Lead Plaintiff; and (2) approve

16  Employees' Retirement System of the State of Rhode Island's selection of Labaton Sucharow

17  LLP as Lead Counsel for the Class and Zwerling, Schachter & Zwerling, LLP as Liaison Counsel

18  for the Class.

19  Dated:  March 25, 2011                       Respectfully submitted,

20                                              By:  _s/ Dan Drachler_____

21                                              Dan Drachler (WSBA #27728)
                                                **ZWERLING, SCHACHTER &**
22                                                **ZWERLING, LLP**

23                                              1904 Third Avenue, Suite 1030
                                                Seattle, Washington  98101
24                                              Tel: 206.223.2053
                                                Fax: 206.343.9636
25                                              Email: ddrachler@zsz.com

26                                              *Proposed Liaison Counsel for the Class*

27

Christopher J. Keller
Michael W. Stocker
Rachel A. Avan
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Tel: 212.907.0700
Fax: 212.818.0477
Email: ckeller@labaton.com
mstocker@labaton.com
ravan@labaton.com

*Counsel for Employees' Retirement*
*System of the State of Rhode Island and*
*Proposed Lead Counsel for the Class*

RHODE ISLAND'S MOT. FOR
APP'T AS LEAD PL. & APPROVAL
OF LEAD & LIAISON COUNSEL

CASE NO. C11-133 MJP

- 13 -

ZWERLING, SCHACHTER
& ZWERLING, LLP
1904 THIRD AVENUE, SUITE 1030
SEATTLE, WA  98101
TEL.: 206.223.2053