The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE COINSTAR, INC. SECURITIES LITIGATION | Case No. C11-133 MJP<br><br>CSTR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD AND LIAISON COUNSEL<br><br>NOTE ON MOTION CALENDAR: Friday, April 15, 2011<br><br>ORAL ARGUMENT REQUESTED |

CSTR GROUP'S MOT. FOR APPT. AS LEAD PLTF.
No. C11-133 MJP

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave, SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 • Fax:  (425) 868-7870

Chester County Employees Retirement Fund ("Chester County"), Mr. Jerry J. Knarr and Mrs. Cindy J. Knarr (collectively, the "CSTR Group") respectfully move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an Order (1) appointing the CSTR Group as lead plaintiff; (2) approving the CSTR Group's selection of Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") as lead counsel and the Law Offices of Clifford A. Cantor, P.C. ("Cliff Cantor") as liaison counsel; and (3) granting such other relief as the Court may deem just and proper. This motion is made on the grounds that the CSTR Group is the "most adequate plaintiff" under the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B).

## I.  INTRODUCTION

The consolidated actions are brought on behalf of all persons who purchased securities issued by Coinstar, Inc. ("Coinstar" or the "Company") between October 28, 2010 and February 3, 2011, inclusive (the "Class Period").[1] The complaints in each of the consolidated actions similarly alleges that Coinstar and its officers violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").

Pursuant to the PSLRA, the CSTR Group should be selected as lead plaintiff because, to the best of its knowledge, it has the largest interest in the relief sought by the class. *See Sabbagh v. Cell Therapeutics, Inc.*, 2010 U.S. Dist. LEXIS 93614, at *10 (W.D. Wash. 2010) (Pechman, J.); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). In addition, the CSTR Group satisfies the requirements of Rule 23 because its claims are typical and it will fairly and adequately represent the class's interests. *See Cavanaugh*, 306 F.3d at 730; *see also* Declaration of Clifford Cantor in Support of CSTR Group's Motion for Appointment as Lead Plaintiff and Approval of Its Selection of Lead and Liaison Counsel ("Cantor Decl."), Exhibits ("Exs.") A-C.

---

[1] The CSTR Group relies on the class period pleaded in *Wright v. Coinstar, Inc., et al.*, No. C11-325 MJP (W.D. Wash. filed Feb. 24, 2011) (asserting a class period between October 28, 2010 and February 3, 2011) to calculate its financial interest. *See Miller v. Dyadic Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32271, at *11 (S.D. Fla. 2008). By Order docketed March 15, 2011, the Court consolidated a number of related actions against Coinstar and its officers, including *Wright*, into *In re Coinstar, Inc. Sec. Litig.*, No. C11-133 MJP. *See* Docket No. 25, ¶¶1-2.

CSTR GROUP'S MOT. FOR APPT. AS LEAD PLTF.
No. C11-133 MJP                                                    - 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave, SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 • Fax:  (425) 868-7870

Finally, in accordance with the PSLRA, the CSTR Group's selection of lead and liaison counsel should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009).

## II.    FACTUAL BACKGROUND

Coinstar owns and operates vending machines that deliver retail products and services to consumers via interactive self-service kiosks. The Company is known for its Redbox DVD rental kiosks and Coinstar coin-counting machines, which number approximately 30,000 and 19,000 units nationwide, respectively. Coinstar is a Delaware corporation with its principal executive offices located in Bellevue, Washington.

Throughout the Class Period, defendants issued false and misleading statements about the Company's ability to maintain operational and revenue growth through its Redbox business based on its "efforts to provide [Redbox] customers with stronger [DVD] titles and increased availability of those titles." Additionally, defendants represented that the Company "continued to get better at predicting demand for these titles" and was "getting better and better around inventory management." In reality, the Company was experiencing significant difficulty with managing its inventory effectively and providing its customers with desirable content.

On January 13, 2011, the Company revealed that mounting problems within its operations would force it to reduce previously stated guidance – lowering fourth quarter 2010 revenue expectations to $391 million from a range of between $415 million and $440 million. This disclosure also reduced earnings per share guidance from between $0.79 and $0.85 to between $0.65 and $0.69 and reduced its full-year 2011 revenue outlook from between $1.80 billion and $1.95 billion to between $1.70 billion and $1.85 billion. Following these disclosures, trading of Coinstar's stock was halted. When trading resumed the next day, Coinstar's stock fell $15.45 per share, or approximately 27 percent, to close on January 14, 2011 at $41.50 per share.

Additional bad news followed. On February 3, 2011, Coinstar issued a press release announcing its finalized fourth quarter and full-year 2010 financial results – which were in line with its January 13, 2011 guidance. Following the release of this news, shares of Coinstar's

CSTR GROUP'S MOT. FOR APPT. AS LEAD PLTF.
No. C11-133 MJP

- 2 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave, SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

stock fell an additional $5.28 per share, or approximately 12 percent, to close on February 4, 2011 at $38.96 per share.

## III. ARGUMENT

### A. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).

First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Here, in connection with the filing of the first-filed action, notice was published on *GlobeNewswire* on January 24, 2011. *See* Cantor Decl., Ex. D.

Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Third, the PSLRA provides that within ninety days after publication of notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA states that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice…;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-30.

CSTR GROUP'S MOT. FOR APPT. AS LEAD PLTF.
No. C11-133 MJP

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave, SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 • Fax:  (425) 868-7870

The time period in which class members may move to be appointed lead plaintiff in this action expires on March 25, 2011. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, the CSTR Group has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class. *See Cell Therapeutics*, 2010 U.S. Dist. LEXIS 93614, at *9-*10. Accordingly, the CSTR Group satisfies the PSLRA's filing requirements and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### B. The CSTR Group Is the "Most Adequate Plaintiff"

#### 1. The CSTR Group Has the Largest Financial Interest in the Relief Sought by the Class

The CSTR Group suffered losses of over $160,000 in connection with its purchases of Coinstar securities during the Class Period. *See* Cantor Decl., Exs. B-C. To the best of its knowledge, this represents the largest known financial interest in the relief sought by the class of any movant properly before the Court. *See Cavanaugh*, 306 F.3d at 730-32; *Cell Therapeutics*, 2010 U.S. Dist. LEXIS 93614, at *10.

#### 2. The CSTR Group Satisfies Rule 23

In addition to possessing the largest financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). While the PSLRA requires that a lead plaintiff meet the requirements of Rule 23(a), at this stage of the litigation only a preliminary showing is required with respect to typicality and adequacy. *See Schonfield v. Dendreon Corp.*, 2007 U.S. Dist. LEXIS 76816, at *10 (W.D. Wash. 2007) (Pechman, J.) (citing *Cavanaugh*, 306 F.3d at 730 n.5 and 732). Consequently, in deciding motions for appointment of lead plaintiff, the Court should focus its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See id.*

CSTR GROUP'S MOT. FOR APPT. AS LEAD PLTF.
No. C11-133 MJP
- 4 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave, SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 • Fax:  (425) 868-7870

### a. The CSTR Group's Claims Are Typical

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The claims of the lead plaintiff, however, need not be identical to the claims of the class to satisfy typicality. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Here, the CSTR Group's claims are typical because, just like all other class members, it: (1) purchased or acquired Coinstar securities during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants; and (2) suffered damages thereby. *See Hanon*, 976 F.2d at 508; Cantor Decl., Exs. B-C. Thus, the CSTR Group's claims are typical of those of other class members because its claims and the claims of other class members arise out of the same course of events. *See* 7 Herbert B. Newberg, *et al.*, NEWBERG ON CLASS ACTIONS § 22.24 (4th ed. 2002) ("[t]he majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met").

### b. The CSTR Group Is Adequate

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The adequacy requirement is met when "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation." *Dendreon*, 2007 U.S. Dist. LEXIS 76816, at *11. Here, the CSTR Group is adequate because its interests are aligned with the interests of the class, as both suffered losses when corrective events removed the artificial inflation from defendants' fraud from the price of Coinstar securities. Accordingly, both the CSTR Group and the class would benefit from the same relief.

CSTR GROUP'S MOT. FOR APPT. AS LEAD PLTF.
No. C11-133 MJP
- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave, SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 • Fax:  (425) 868-7870

Additionally, there is no evidence of antagonism between the CSTR Group and the class, and it has certified its willingness to serve as a representative of the class. *See* Cantor Decl., Ex. A.

The CSTR Group has executed a joint declaration attesting that it is committed to vigorously prosecuting this litigation and maximizing the recovery for the class. *See id.*; *Cell Therapeutics*, 2010 U.S. Dist. LEXIS 93614, at *17-*18. Moreover, as shown below, the CSTR Group has retained highly qualified, experienced counsel that are able to prosecute this complex litigation in a professional manner. Thus, for the purposes of this motion, the CSTR Group satisfies the typicality and adequacy requirements of Rule 23.

### IV. THE COURT SHOULD APPROVE THE CSTR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734.

The CSTR Group has selected Barroway Topaz as lead counsel and Cliff Cantor as liaison counsel for the class. Both firms are actively engaged in complex litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Cantor Decl., Exs. E-F; *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009) (approving Barroway Topaz as lead counsel, finding it "highly experienced in prosecuting securities class actions"); *Foley v. Transocean Ltd.*, 2011 U.S. Dist. LEXIS 1541, at *30 (S.D.N.Y. 2011) (finding Barroway Topaz has "the experience and necessary resources available to litigate this [PSLRA] case"). Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Barroway Topaz and Cliff Cantor.

CSTR GROUP'S MOT. FOR APPT. AS LEAD PLTF.
No. C11-133 MJP
- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave, SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

## V. CONCLUSION

For the foregoing reasons, the CSTR Group respectfully requests that the Court: (1) appoint the CSTR Group as lead plaintiff; and (2) approve its selection of Barroway Topaz as lead counsel and Cliff Cantor as liaison counsel.

Dated: March 25, 2011

Respectfully submitted,

LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
By:  s/  Cliff Cantor, WSBA # 17893
627 208th Avenue SE
Sammamish, WA 98074
Telephone:  (425) 868-7813
Facsimile:  (425) 868-7870

*Proposed Liaison Counsel*

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
Ramzi Abadou
Stacey M. Kaplan
Erik D. Peterson
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone:  (415) 400-3000
Facsimile:  (415) 400-3001

*-and-*

Darren J. Check
Sean M. Handler
Naumon A. Amjed
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

*Proposed Lead Counsel*

CSTR GROUP'S MOT. FOR APPT. AS LEAD PLTF.
No. C11-133 MJP

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave, SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 • Fax:  (425) 868-7870

**Certificate of Service**

I certify that on March 25, 2011, I electronically filed

    (i)    the foregoing motion,

    (ii)    the declaration of Clifford A. Cantor in support of CSTR Group's motion for appointment as lead plaintiff and approval of its selection of lead and liaison counsel (with six exhibits), and

    (iii)    a [proposed] order appointing lead plaintiff and approving selection of lead and liaison counsel

with the Clerk of the Court using the CM/ECF system, which will send notification of filing to the CM/ECF participants listed below:

Karl Phillip Barth
karlb@hbsslaw.com, shelby@lmbllp.com, dawn@hbsslaw.com, shelbys@hbsslaw.com

Steve W. Berman
steve@hbsslaw.com, robert@hbsslaw.com, heatherw@hbsslaw.com, carrie@hbsslaw.com

Jerome F Birn , Jr
jbirn@wsgr.com, eblackey@wsgr.com

Patrice L Bishop
pbishop@ssbla.com, service@ssbla.com

Clifford A Cantor
cacantor@comcast.net, cliffcantor@hotmail.com

Juli E. Farris
jfarris@KellerRohrback.com, kwesterlin@KellerRohrback.com

Jacob A. Goldberg
jgoldberg@faruqilaw.com

Francis M Gregorek
gregorek@whafh.com

Lewis S Kahn
lewis.kahn@kgscounsel.com

Barry M Kaplan
bkaplan@wsgr.com, plane@wsgr.com, rcarter@wsgr.com, ibaramblackwell@wsgr.com

CERTIFICATE OF SERVICE
No. C11-133 MJP

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave, SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 868-7870

1  Elizabeth Ann Leland
2  bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

3  Richard A Lockridge
   ralockridge@locklaw.com, bmemmons@locklaw.com

4
5  Kim E Miller
   kim.miller@ksfcounsel.com

6  Rachele R Rickert
7  rickert@whafh.com

8  Karen H Riebel
   khriebel@locklaw.com

9  Lynn Lincoln Sarko
10 lsarko@kellerrohrback.com, cengle@kellerrohrback.com

11 Roger M Townsend
   rtownsend@bjtlegal.com, admin@bjtlegal.com
12
13 Anthony Vozzolo
   avozzolo@faruqilaw.com

14
   Gregory L Watts
15 gwatts@wsgr.com, lbeltran@wsgr.com, nchessari@wsgr.com

16
                                            s/  Cliff Cantor, WSBA # 17893
17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE                - 2 -            LAW OFFICES OF
No. C11-133 MJP                                   CLIFFORD A. CANTOR, P.C.
                                                    627 208th Ave, SE
                                                  Sammamish, WA  98074-7033
                                              Tel:  (425) 868-7813 • Fax:  (425) 868-7870