**The Honorable Marsha J. Pechman**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| IN RE COINSTAR INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>The Securities Class Action | Case No. C11-133 MJP<br><br>**PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED CLASS ACTION SETTLEMENT** |

WHEREAS, on February 13, 2012, the Employees' Retirement System of the State of Rhode Island ("Lead Plaintiff"), on behalf of itself and the Class, and Coinstar, Inc. ("Coinstar" or the "Company"), Paul Davis and J. Scott Di Valerio (the "Individual Defendants, and together with Coinstar, "Defendants") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the

ORDER FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF NOTICE AND
SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

claims alleged in the Consolidated Amended Complaint ("Complaint") against Defendants on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the Parties to the Stipulation having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 9th day of April, 2012 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for the purposes of the Settlement only, the Action as a class action on behalf of all Persons who purchased the common stock of Coinstar from October 29, 2010 to February 3, 2011, inclusive, and who were allegedly damaged thereby. Excluded from the Class are: Defendants; the officers or directors of Coinstar during the Class Period; members of the immediate family of any officer or director of Coinstar during the Class Period; the legal representatives, heirs, successors or assigns of any officer or director of Coinstar during the Class Period; any entity in which Defendants have or had a controlling interest; and any person or entity who timely and validly seeks exclusion from the Class.

3. The Court preliminarily finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Class are so numerous that joinder of all Class Members is impracticable;

(b) there are questions of law and fact common to the Class Members;

(c) the claims of Lead Plaintiff are typical of the Class's claims;

ORDER FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF NOTICE AND
SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

2

(d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Class;

(e) the questions of law and fact common to Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any interest among Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is preliminarily certified as Class Representative for the Class, the law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Class, and Zwerling, Schachter & Zwerling, LLP is preliminarily appointed Liaison Counsel for the Class.

5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on August 10, 2012, at 9:00 a.m., in Courtroom 14206 for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF NOTICE AND SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

3

      (c)    to determine, for purposes of the Settlement only, whether the Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel and Zwerling, Schachter & Zwerling, LLP as Liaison Counsel for the Class;

      (d)    to determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved by the Court;

      (e)    to consider Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representations of the Class); and

      (f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.    The Court approves the retention of The Garden City Group, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of this Order ("Notice Date"), to all

ORDER FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF NOTICE AND
SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

4

Class Members who can be identified with reasonable effort.  Coinstar, to the extent it has not already done so, shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff, Lead Counsel, the Class or the Claims Administrator, lists obtained from Coinstar's stock transfer agent of the names and addresses of Coinstar's registered shareholders during the Class Period within seven (7) calendar days of entry of this Order.

9. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased the publicly traded securities of Coinstar during the Class Period.  Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either: (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim, and within seven (7) calendar days of receipt of such copies send them by first-class mail directly to the beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

10. The Claims Administrator shall also post the Notice and Proof of Claim on its website.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing and posting of the Notice and Proof of Claim.

ORDER FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF NOTICE AND
SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

5

11. The Court approves the form of the Summary Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel cause the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class

ORDER FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF NOTICE AND
SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her, his or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

14. Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the person seeking exclusion, that the sender requests "exclusion from the Class in *In re Coinstar, Inc. Securities Litigation*, Case No. C11-133 MJP (W.D.Wash.)" and must be signed by such person. Such Persons requesting

ORDER FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF NOTICE AND
SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

7

exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of Coinstar common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15.     Class Members requesting exclusion from the Class shall not be eligible to receive any payment from the Net Settlement Fund as described in the Stipulation and Notice.

16.     The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or reimbursement of expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel, Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 and Defendants' Counsel, Barry M. Kaplan, Wilson Sonsini Goodrich & Rosati, P.C., 701 Fifth Avenue, Suite 5100, Seattle, WA 98104-7036, on behalf of the Defendants, and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Western District of Washington, U.S. Courthouse, 700 Stewart Street, Suite 2310, Seattle, WA  98101.  Any Class Member who does not make his, her or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the

ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF NOTICE AND SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

8

Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

18.  As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

19.  All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-eight (38) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

20.  The passage of the Settlement Fund to the Escrow Account in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21.  All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

ORDER FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVAL OF NOTICE AND
SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

9

22.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against or to the prejudice of the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to January 11, 2012.

23.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED

Dated this 9th day of April, 2012

_____
Marsha J. Pechman
United States District Judge

ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVAL OF NOTICE AND SCHEDULING OF SETTLEMENT HEARING
C11-133 MJP

10