FILED ENTERED
LODGED RECEIVED
AUG 09 2012
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

The Honorable Marsha J. Pechman

11-CV-00133-JGM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE COINSTAR INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>The Securities Class Action | Case No. C11-133 MJP<br><br>**REVISED FINAL ORDER AND JUDGMENT** |

A. On February 13, 2012, Employees' Retirement System of the State of Rhode Island ("Lead Plaintiff"), on behalf of itself and the Class, and Coinstar, Inc., Paul Davis and J. Scott Di Valerio (the "Individual Defendants, and together with Coinstar, "Defendants") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action").



LABATON SUCHAROW LLP
140 BROADWAY
NEW YORK, NEW YORK 10005
(212) 907-0700

B. Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Class Action Settlement, entered April 9, 2012 (the "Preliminary Approval Order"), the Court scheduled a hearing for August 10, 2012, at 9:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

C. The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all putative Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

D. The Notice and the Summary Notice advised Class Members of the date, time, place and purpose of the Settlement Hearing. The Notice and Summary Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties by July 20, 2012.

E. The provisions of the Preliminary Approval Order as to notice were complied with.

F. On July 3, 2012, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on Aug 9th, 2012, at which time all interested Persons were afforded the opportunity to be heard.



LABATON SUCHAROW LLP
140 BROADWAY
NEW YORK, NEW YORK 10005
(212) 907-0700

G. This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all Persons who purchased the common stock of Coinstar from October 29, 2010 to February 3, 2011, inclusive, and who were allegedly damaged thereby. Excluded from the Class are: Defendants; the officers or directors of Coinstar during the Class Period; members of the immediate family of any officer or director of Coinstar during the Class Period; the legal representatives, heirs, successors or assigns of any officer or director of Coinstar during the Class Period; any entity in which Defendants have or had a controlling interest; and any person or entity who timely and validly sought exclusion from the Class in accordance with the requirements set forth in the Notice. No person or entity has sought exclusion from the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Employees' Retirement System of the State of Rhode Island as Class Representative for the Class; and finally appoints Labaton Sucharow LLP as Class Counsel for the Class and Zwerling, Schachter & Zwerling, LLP as Liaison Counsel.

5. The notification provided for and given to the Class was in compliance with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and is in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process.

6. The proposed Settlement of the Action on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, in light of the benefits to the Class, the complexity, expense and possible duration of further litigation against Defendants and the risks of establishing liability and damages and the costs of continued litigation. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Class and Defendants. There have been no objections to the Settlement.

7. The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. Upon the Effective Date of the Settlement, the Consolidated Amended Complaint (the "Complaint"), filed June 17, 2011, is hereby dismissed in its entirety as to Defendants, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court further finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, Lead Plaintiff and each and every other Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from

commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

11. As set forth in the Stipulation and reflected in this order, "Released Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including both known and Unknown Claims, whether arising under federal, state, common or administrative law, or any other law, whether fixed or contingent, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, that Lead Plaintiff or any other Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any other action or forum, that arise out of, relate to, or are in connection with the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations or omissions or failures to act involved, set forth, or referred to in the Complaint filed in the Action, and that relate to the purchase of Coinstar common stock during the Class Period. "Released Claims" do not include: (i) claims to enforce the Settlement; (ii) any governmental or regulatory agency's claims in any criminal or civil action against any of the Released Defendant Parties; and (iii) claims asserted derivatively in the consolidated derivative action captioned *In re Coinstar, Inc., Shareholder Derivative Litigation*, No. 2:11-cv-00133-MJP, pending in the United States District Court for the Western District of Washington and the consolidated derivative action captioned *In re Coinstar, Inc. Derivative Litigation*, No. 11-2-08511-2, pending in the Superior Court of the State of Washington (King County).

12. As set forth in the Stipulation and as reflected in this order, "Released Defendant Parties" means Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, partners, agents, employees, attorneys, auditors, insurers, the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settler or which is for the benefit of any of their immediate family members, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a



LABATON SUCHAROW LLP
140 BROADWAY
NEW YORK, NEW YORK 10005
(212) 907-0700

controlling interest or which is related to or affiliated with any of the Defendants and the legal representatives, heirs, successors, in interest or assigns of Defendants.

13. Upon the Effective Date, the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns by operation of the Judgment, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties.

14. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15. This Judgment and the Stipulation, whether or not consummated, and any negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against Defendants or Lead Plaintiff for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by Defendants with respect to the truth of any fact alleged by Lead Plaintiff and the Class or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants, or against Lead Plaintiff or any other member of the Class as evidence of any infirmity in the claims of Lead Plaintiff or the other members of the Class;


LABATON SUCHAROW LLP
140 BROADWAY
NEW YORK, NEW YORK 10005
(212) 907-0700

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants or against Lead Plaintiff or any other member of the Class, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against or to the prejudice of Defendants, Lead Plaintiff or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against or to the prejudice of Lead Plaintiff or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.


LABATON SUCHAROW LLP
140 BROADWAY
NEW YORK, NEW YORK 10005
(212) 907-0700

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

21. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

22. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. The Court expressly determines that there is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated this 9th day of Aug., 2012

[signature]
Honorable Marsha J. Pechman
UNITED STATES DISTRICT JUDGE

Case 2:11-cv-00133-MJP Document 146-1 Filed 08/03/12 Page 9 of 9

Presented by:

*s/ Dan Drachler*
Dan Drachler (WSBA #27728)

ZWERLING, SCHACHTER & ZWERLING, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel.: (206) 223-2053
Fax: (206) 343-9636
ddrachler@zsz.com