UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In re COINSTAR, INC., SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. 2:11-cv-00133-MJP<br><br>ORDER AND FINAL JUDGMENT |

ORDER AND FINAL JUDGMENT

This matter comes before the Court on the parties' motion for final approval of derivative settlement. Dkt. #160. Having reviewed the memoranda, all documents, evidence, the record herein, and oral argument, the Court enters this Order and Final Judgment.

IT IS ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the notice provided to Coinstar shareholders constituted the best notice practicable under the circumstances. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Court finds that, during the course of the litigation of the Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. The Court finds that the Fee Award of $750,000 is fair and reasonable, and approves the Fee Award. The Fee Award shall be paid in accordance with the Stipulation, particularly paragraph 5.1 thereof.

7. The claims against the Individual Defendants, as well as all of the Released Claims against each of the Individual Defendants and their Related Persons, are dismissed with prejudice. The Settling Parties shall bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, as defined in the Stipulation, Coinstar, Plaintiffs (acting on their own behalf and derivatively on behalf of Coinstar), and each of Coinstar's shareholders (solely

ORDER AND FINAL JUDGMENT-1

in their capacity as Coinstar shareholders) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions against the Released Persons, provided that nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or this Judgment.

9. Upon the Effective Date, as defined in the Stipulation, Coinstar, Plaintiffs (acting on their own behalf and derivatively on behalf of Coinstar), and each of Coinstar's shareholders (solely in their capacity as Coinstar shareholders) will be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims or any action or other proceeding against any of the Released Persons based on the Released Claims or any action or proceeding, arising out of, related to, or in connection with, the settlement or resolution of the Actions, provided that nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or this Judgment.

10. Upon the Effective Date, as defined in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, Coinstar, and all of the Coinstar shareholders (solely in their capacity as Coinstar shareholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation or this Judgment.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault,

ORDER AND FINAL JUDGMENT-2

wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

12. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and this Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

14. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated this 9 day of November, 2012

THE HONORABLE MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE

Presented by:

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
TRAVIS E. DOWNS III
BENNY C. GOODMAN III

       s/ Travis E. Downs III
       TRAVIS E. DOWNS III

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
Email:  darrenr@rgrdlaw.com
Email:  travisd@rgrdlaw.com
Email:  bennyg@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
MATTHEW S. MELAMED
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  mmelamed@rgrdlaw.com

Lead Counsel for Plaintiffs

LAW OFFICES OF TAMARA J. DRISCOLL
TAMARA J. DRISCOLL (WSBA #29212)
321 North 80th Street
Seattle, WA  98103
Telephone:  206/724-5362
Email:  tamaradriscoll@alumni.nd.edu

Liaison Counsel

JACOBS & SLAWSKY, P.A.
NORMAN J. SLAWSKY
3516 Covington Highway
Decatur, GA  30032
Telephone:  404/299-1211
404/299-1288 (fax)
Email:  nslawsky@gmail.com

ORDER AND FINAL JUDGMENT-4

TERRELL MARSHALL DAUDT
  & WILLIE PLLC
BETH E. TERRELL (WSBA #26759)
JENNIFER RUST MURRAY (WSBA #36983)
936 North 34th Street, Suite 400
Seattle, WA 98103
Email: bterrell@tmdwlaw.com
Email: jmurray@tmdwlaw.com

SCHUBERT JONCKHEER & KOLBE LLP
ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
DUSTIN L. SCHUBERT
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: 415/788-4220
415/788-0161 (fax)
Email: rschubert@schubertlawfirm.com
Email: wjonckheer@schubertlawfirm.com
Email: dschubert@schubertlawfirm.com

Additional Counsel for Plaintiffs

ORDER AND FINAL JUDGMENT-5