THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| In re COINSTAR INC. SECURITIES LITIGATION | Case No. C11-133 MJP |
| This Document Relates To: The Securities Class Action | **[[redacted] AMENDED] ORDER APPROVING DISTRIBUTION OF THE NET SETTLEMENT FUND** |

THIS MATTER having come before the Court on Lead Plaintiff's Amended Motion for Order Approving Distribution of the Net Settlement Fund, the Settlement having reached its Effective Date, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated as of February 13, 2012, filed with the Court (ECF No. 116-1).

2. The administrative recommendations of The Garden City Group, Inc. ("GCG"), the Court-appointed Claims Administrator, to accept the Proof of Claim and Release forms



LABATON SUCHAROW LLP
140 BROADWAY
NEW YORK, NEW YORK 10005
(212) 907-0700

("Proofs of Claim"), including the late but otherwise eligible Proofs of Claim, listed in Exhibits B-1 and B-2 to the Amended Affidavit of Ellen E. Riley in Support of Amended Motion for Distribution of Net Settlement Fund, dated June 20, 2014 ("Riley Affidavit"), are hereby APPROVED.

3. As determined by the Claims Administrator, wholly rejected or otherwise ineligible Proofs of Claim are hereby REJECTED.

4. The distribution of the Net Settlement Fund to Authorized Claimants is hereby AUTHORIZED and shall be conducted in accordance with the Stipulation and distribution plan for payment of the Net Settlement Fund, set forth in paragraphs 44-51 of the Riley Affidavit, which is hereby APPROVED.

5. New Proofs of Claim received after May 11, 2014 will be rejected as untimely and will not be accepted for any reason.

6. The Claims Administrator, GCG, has requested a payment in the amount of $48,095.44 for the balance of its fees and expenses in connection with the administration of the Settlement and its fees and expenses to be incurred in connection with the distribution of the Net Settlement Fund. A payment in the amount of $48,095.44 from the Settlement Fund for the outstanding fees and expenses of GCG is hereby APPROVED.

7. Pursuant to the Stipulation, if there is a remaining balance in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion, after the payment of any Taxes and additional Notice and Administration Expenses related to said re-distribution, with additional redistributions thereafter in six-month intervals until GCG and Lead Plaintiff determine that further redistribution is not cost-effective. Any balance that still remains in the Net Settlement Fund, after payment of Notice and Administration Expenses and Taxes, if any, shall be contributed to non-sectarian not-for-profit charitable organizations serving the public interest,



LABATON SUCHAROW LLP
140 BROADWAY
NEW YORK, NEW YORK 10005
(212) 907-0700

designated by Lead Plaintiff and Lead Counsel and approved by the Court. Lead Plaintiff and Lead Counsel shall have no personal connection to the organization.

8. The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

9. GCG is authorized to destroy paper copies of the Proofs of Claim and all supporting documents one year after the initial distribution of the Net Settlement Fund, and to destroy electronic copies of the same three years after the initial distribution of the Net Settlement Fund.

10. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: July 22, 2014

THE HONORABLE MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE